Donald KNESS, Plaintiff,

v.

Ken SONDALLE, Thomas Donovan,
Adjustment Center Sgt., North
Program Sgt., Defendants.

Civ. A. No. 89–C–210.

United States District Court,
E.D. Wisconsin.

Dec. 1, 1989.

Donald Kness, pro se.

John J. Glinski, Asst. Atty. Gen., for Ken Sondalle.

## ORDER

REYNOLDS, Senior District Judge.

Plaintiff Donald Kness ("Kness"), an inmate at Waupun Correctional Institution ("WCI") filed this 42 U.S.C. § 1983 action alleging that from November 1, 1988 until November 20, 1988, he was placed in segregation status and was denied the opportunity to perform legal research. The defendants moved to dismiss plaintiff's complaint. Presently before this court is the magistrate's June 23, 1989 recommendation to deny defendants' motion to dismiss.

■ On June 30, 1989, the plaintiff filed an objection to the magistrate's recommendation. On July 7, 1989, the defendants filed an objection to the magistrate's recommendation. On July 11, 1989, the plaintiff filed a motion to strike defendants' objection because it was not filed within 10 days of the magistrate's recommendation.

The court begins by noting that the defendants' objection to the magistrate's recommendation is timely filed. Rule 13.03(c) of the Local Rules of the United States District Court for the Eastern District of Wisconsin provides that:

> Any party may object to the magistrate's proposed findings, recommendations, or report issued under this rule.... Within ten (10) days after service of a copy of the recommended disposition, such party shall file with the clerk of court and serve on all parties written objections specifically identifying the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objection.

Rule 6 of the Federal Rules of Civil Procedure provides that:

> In computing any period of time prescribed or allowed by ... the local rules of any district court ..., the day of the

act, event, or default from which the designated period of time begins to run shall not be included.... When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

The magistrate's recommendation was filed on Friday, June 23, 1989, so the first day to be counted is Monday, June 26, 1989. The week of June 26 through June 30 accounts for five days. The sixth day counted is July 3, 1989. July 4, 1989, is not counted because it is a legal holiday. The defendant filed his objection to the magistrate's recommendation on July 7, 1989, which is the ninth day counted after the magistrate's recommendation. Therefore, the defendant's objection to the magistrate's recommendation was timely filed.

■ The substance of defendants' objection is that Kness must show that he has been prejudiced because there was only a temporary interference with access to legal materials. *DeMallory v. Cullen*, 855 F.2d 442 (7th Cir.1988). The substance of plaintiff's objection is that to secure prompt release from segregation he needed access to the law library.

■ Prisoners have a constitutional right of access to the court for pursuing post-conviction remedies and for challenging the conditions of their confinement. *Campbell v. Miller*, 787 F.2d 217, 225 (7th Cir.1986). This right of access is not absolute. *See id.* at 226. The constitutionally relevant benchmark is meaningful, not total or unlimited access. *Id.*

In *DeMallory*, the plaintiff, a prisoner of Wisconsin, complained about the conditions of his confinement in the Adjustment Center of the state's maximum-security penitentiary at Waupun and about his access to law books. DeMallory was confined to the Adjustment Center for approximately ten years. The Adjustment Center is the place for segregating the most incorrigible inmates in the state's charge. DeMallory was put in there for instigating a riot. DeMallory had no access to law libraries—even "starter" or "basic" libraries. *DeMallory*, 855 F.2d at 442.

In *DeMallory*, the court first stated that "[g]enerally, we have required a showing of prejudice where minor or indirect limitations on access to courts are alleged." *See id.* at 448. The court went on to state that "[w]here as here, the plaintiff alleges a direct and continuous limitation on access to legal materials or counsel, we have required no such showing [of prejudice]." *Id.* With respect to the level of prejudice a plaintiff must demonstrate, the court stated that the showing is a "minimal one." *Id.*

In the present case, the plaintiff asserts that he was confined to an isolation cell for twenty days and he "could not effectively research the law, or prepare effective and meaningful documents to help resolve his legal problems, in a prompt or timely manner." Here, the delay of twenty days is more analogous to the eight-day delay alleged in *Campbell* which the court found did not in itself constitute a denial of meaningful access to the courts, *Campbell*, 787 F.2d at 227, than it is to the delay of ten years alleged in *DeMallory*.

Where, as here, only a twenty-day delay in access to the courts is alleged, an inmate must show that he has been prejudiced. *DeMallory*, 855 F.2d at 448. The plaintiff has made no allegations of prejudice. He does not allege that he has missed any court dates in this or any other legal actions or that he has had a suit dismissed, nor does plaintiff allege that he has suffered any detrimental effect in any other way in any judicial proceeding. The court therefore declines to adopt the magistrate's recommendation and will grant the defendant's motion to dismiss.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss is granted.